IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-cr-218

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JIMMY BICE (1) | ) | |
| | ) | |

**THIS MATTER** is before this Court upon the defendant's motion, pro se, to clarify financial awards imposed by the Court at his sentencing hearing. (Doc. No. 73).

The defendant is serving a sentence following his conviction for bank robbery and firearms offenses. (Doc. No. 50: Judgment). That Judgment became final after it was affirmed on direct appeal, (Doc. No. 70: Mandate of United States Court of Appeals for the Fourth Circuit), and the defendant did not seek review by the Supreme Court. Clay v. United States, 537 U.S. 522, 527 (2003). Accordingly, the Court is without jurisdiction to alter the Judgment to eliminate the financial awards.

Even if the Court had jurisdiction, it would deny the motion. The $400 special assessment was required because the defendant was convicted of four felonies. 18 U.S.C. § 3013(a)(2)(A). The restitution award was required based on evidence before the Court at the time of sentencing. 18 U.S.C. § 3663A. Finally, the Court was authorized to require the defendant to reimburse the United States for a portion of the costs of his court appointed counsel. 18 U.S.C. § 3006A(f).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion (Doc. No. 73) is **DENIED**.

Signed: December 20, 2011

Robert J. Conrad, Jr.
Chief United States District Judge